# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK BOSWELL,<br><br>              Plaintiff,<br><br>    v.<br><br>PEREZ, et al.,<br><br>              Defendants.<br>_____/ | CASE NO. 1:09-cv-00822-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(ECF No. 9) |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

On May 12, 2009, Plaintiff Buck Boswell, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.)

The original complaint was screened and dismissed, with leave to amend, on March 11, 2010. (ECF No. 8.) Plaintiff's First Amended Complaint, filed March 25, 2010, is now before the Court for screening. (ECF No. 9.)

1

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF COMPLAINT

The First Amended Complaint alleges Correctional Officer Perez deprived Plaintiff of his property in violation of his Due Process rights.[1]

Plaintiff alleges the following:

On February 27, 2009 Plaintiff was presented with a property inventory slip in anticipation of his move to administrative segregation. Plaintiff noticed the property

---

[1] K. Harrington, Warden, Kern Valley State Prison was named as a Defendant in Plaintiff's original Complaint but was omitted from the First Amended Complaint.

2

inventory slip was incorrect and informed the officer.  Plaintiff refused to sign the slip and asked that the mistake be corrected.  (Compl. at 3.)  The error was not fixed and Plaintiff was moved without his belongings.  (Id. at 3, 4.)  Plaintiff repeatedly submitted appeals to retrieve his property and has thus far been unsuccessful.  (Id. at 4.)

## IV.     ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

The Due Process Clause of the Fourteenth Amendment protects individuals from state deprivations of life, liberty, or property without due process of law.  With respect to a prisoner's property, the United States Supreme Court has held that "an unauthorized intentional deprivation of property" by a prison official constitutes a violation of due process

if a meaningful post-deprivation remedy for the loss is unavailable. Hudson v. Palmer, 468 U.S. 517, 533 (1984). If, however, a prison official merely acts negligently in losing a prisoner's property, there is no due process violation. Daniels v. Williams, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property.")

Here, Plaintiff alleges that the Defendant incorrectly catalogued Plaintiff's property and refused to correct the error. Because these allegations, if proven true, at most demonstrate that Defendant Perez acted negligently with respect to Plaintiff's property, Plaintiff's allegations fail to state a cognizable due process claim. Daniels, 474 U.S. at 328.

Even if it were assumed, for the sake of discussion, that Defendant Perez intentionally deprived Plaintiff of his property without authority, Plaintiff's complaint still fails to state a cognizable claim. Under Hudson, such actions would violate due process only if a meaningful post-deprivation remedy for Plaintiff's loss were unavailable. Hudson, 468 U.S. at 533. As noted in the Court's prior Screening Order, Plaintiff has a meaningful post-deprivation remedy. Plaintiff may file suit in state court pursuant to California Government Code §§ 900, et seq., to seek recovery for a tort by a public employee. Parratt v. Taylor, 451 U.S. 527, 539 (1981) ("[P]ost-depravation remedies made available by the State can satisfy the Due Process Clause."); Arnold v. Williams, 2009 WL 3710522, at *3 (E.D. Cal. Oct.28, 2009) (California Government Code §§ 900, et seq. provide a sufficient post-deprivation remedy for the purposes of due process).

## IV.    CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a cognizable due process claim. Accordingly, it is HEREBY ORDERED that this action be dismissed with prejudice

4

1 | for failure to state a claim under Section 1983.

3 | IT IS SO ORDERED.

5 | Dated:     September 26, 2011            /s/ *Michael J. Seng*
6 | ci4d6                                    UNITED STATES MAGISTRATE JUDGE

5